IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC SCHRUERS, PH.D., | : | |
| | : | Civil Action No. 18-197 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Judge Susan Paradise Baxter |
| EDINBORO UNIVERSITY OF | : | |
| PENNSYLVANIA, CHARLOTTE | : | |
| WELLMAN, MICHAEL HANNAN, MARK | : | |
| DEKA, AND JAMES PARLIN | : | |
| | : | Electronically Filed. |
| Defendants. | : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

And now, come the Defendants, by and through undersigned counsel, who file the within

ANSWER AND AFFIRMATIVE DEFENSES to the Amended Complaint, and set forth as follows:

## FIRST AFFIRMATIVE DEFENSE

### ANSWER

### I.    PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

4. This allegation is a legal conclusion that requires no responsive pleading.

5. Denied as stated.  Dr. Hannan became the interim President on April 15, 2018, but did not hold that position during the relevant time for the instant lawsuit.

6. This allegation is a legal conclusion that requires no responsive pleading.

7. Admitted.

8. This allegation is a legal conclusion that requires no responsive pleading.

9.  Admitted.

10. This allegation is a legal conclusion that requires no responsive pleading.

## II.      JURISDICTION

11. This allegation is a legal conclusion that requires no responsive pleading.

## III.     VENUE

12. This allegation is a legal conclusion that requires no responsive pleading.  By way of further response, this case has been removed to Federal Court, in the Western District of Pennsylvania.

## IV.      ADMINISTRATIVE EXHAUSTION

13. This allegation is a legal conclusion that requires no responsive pleading.

14. This allegation is a legal conclusion that requires no responsive pleading.

15. This allegation is a legal conclusion that requires no responsive pleading.

16. This allegation is a legal conclusion that requires no responsive pleading.

17. This allegation is a legal conclusion that requires no responsive pleading.

## V.       FACTS

18. Admitted.

19. Admitted in part, denied as stated, in part.  It is admitted that Plaintiff is a college professor; however, the designation of "art historian" is a subjective description to which Defendants have no response.

20. Admitted.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of these

allegations.  Therefore, these allegations are denied and strict proof is demanded.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded.

25. Admitted.

26. Denied as stated.  Plaintiff was hired on August 29, 2009, into a full-time temporary position as an Instructor, in the department of Art, for the fall 2009 semester.  His responsibilities were outlined in Article 4 of the CBA between the Association of Pennsylvania State College and University Faculties (APSCUF) and the Pennsylvania System of Higher Education (PASSHE).

27. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded.

28. Denied as stated.  Plaintiff was offered, and accepted, a full-time temporary position as an Assistant Professor in the Department of Art for 2010-2011 academic year.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded.

30. Admitted.

31. Denied as stated.  Plaintiff taught subjects from 17th through 20th Century Art as well as classes on Architectural History.

32. Denied as stated.  The job was posted on December 3, 2012.

33. Admitted.

34. Admitted.

35. Admitted.

36. This allegation includes subjective opinions as to Plaintiff's qualifications for the job posting.

37. Plaintiff's academic CV is a document which speaks for itself, and requires no response.

38. This allegation includes subjective opinions as to Plaintiff's qualifications for the job posting.

Plaintiff's teaching record at Edinboro and/or his academic CV is document and speaks for itself.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Moreover, Plaintiff fails to identify who made these statements or when they were made. Therefore, these allegations are denied and strict proof is demanded.

40. Denied as stated.  However, it is admitted that Dr. Deka informed Plaintiff that he was not a finalist for the position.

41. Denied.  The search was ruled a failed search on May 7, 2013.

42. Denied as stated.  Nanette Thrush withdrew her name from consideration following her interview as part of the second search.

43. Denied.

44. Denied.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded.

48. Denied.

49. Denied.  By way of further response, Dr. Wellman had a discussion with Plaintiff on Art Faculty teaching a broad spectrum of classes and specialization within certain disciplines and that discussion was not confrontational.

50. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Moreover, Plaintiff fails to identify who made these statements or when they were made. Therefore, these allegations are denied and strict proof is demanded.

51. Denied.

52. Denied.  By way of further response, Mr. Parlin acknowledged that there is not a rule or a practice to deny consideration of an Edinboro graduate for a position in the Art Department.

53. Denied.  By way of further response, Mr. Parlin acknowledged that there is not a rule or a practice to deny consideration of an Edinboro graduate for a position in the Art Department.

54. Denied.  By way of further response, Ms. Swati Bandi did not apply for the tenure track position in Art History.

55. The documents are writings and speak for themselves without requiring a response.

56. Denied.  Plaintiff received a positive review for the 2012-2013 academic year from Dr. Terry Smith as well as from Mr. James Parlin.  Finally, Plaintiff indicated that he was in agreement with the evaluation conducted by the evaluating subcommittee, comprised of Mark Deka, Charlotte Wellman, and Rachael Burke.

57. Denied. See response to ¶ 56.

58. Denied.  It is not a common practice for a faculty member to stay for the entire class during a peer observation.  The evaluation was provided to Plaintiff and discussed with him.

59. This allegation includes personal and subjective opinions to which no response is required. To the extent an answer is necessary, the facts asserted are denied and strict proof is demanded. Furthermore, it is specifically denied that any of the Defendants engaged in bad faith at any time.

60. Denied as stated.  The second peer observation for the spring semester of 2012 was initially submitted to Dr. Mark Deka.  Dr. Wellman later revised the peer observation and submitted a copy to Plaintiff.

61. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Moreover, Plaintiff fails to identify who made these statements or when they were made. Therefore, these allegations are denied and strict proof is demanded.

5

62. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Moreover, Plaintiff fails to identify who made these statements or when they were made.  Therefore, these allegations are denied and strict proof is demanded.

63. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Moreover, Plaintiff fails to identify who made these statements or when they were made.  Therefore, these allegations are denied and strict proof is demanded.

64. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Moreover, Plaintiff fails to identify who made these statements or when they were made.  Therefore, these allegations are denied and strict proof is demanded.

65. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Moreover, Plaintiff fails to identify who made these statements or when they were made.  Therefore, these allegations are denied and strict proof is demanded.

66. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded.

67. Denied.

68. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations as it is not possible to confirm what Plaintiff himself heard, and in what context the alleged comments were made.  Therefore, these allegations are denied and strict proof is demanded.

69. Denied as stated. The Search Committee interviewed Plaintiff during the first round of Skype interviews.  Since Plaintiff was a colleague in the Art Department and Dr. Wellman, Dr. Deka and Dr. Orr previously observed Plaintiff's teaching on several occasions and completed peer observation evaluations, the Committee was thoroughly familiar with Plaintiff's credentials and his teaching styles and did not assign a numerical score for Plaintiff.

70. Defendants lack knowledge or information sufficient to form a belief about the truth of these

allegations.  Therefore, these allegations are denied and strict proof is demanded.

71. Denied. See response to ¶ 69.

72. Denied as stated.  It is only admitted that Jarvis, Thrush, Gasper-Hulvat, Williams and Massey received Skype Interview scores.

73. Denied.

74. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Moreover, Plaintiff fails to identify who made these statements or when they were made. Therefore, these allegations are denied and strict proof is demanded.

75. This allegation is a legal conclusion that requires no responsive pleading.  To the extent there are facts alleged, such facts are denied and strict proof is demanded.

76. Denied as stated.  This was an inadvertent oversight by the Committee.

77.  Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded.

78. Denied.

79. Admitted.

80. The allegations in this paragraph pertain to a writing which speaks for itself, and to which no response it necessary.

81.  Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded.

82. Denied. The contents of this paragraph are subjective opinions as to the Defendants' conduct, not based in fact, and therefore, denied.

83. Denied as stated.  References for the external candidates were contacted early in the search process.  Since Plaintiff was a colleague in the Art Department, the Search Committee initially did not follow up on his references as provided.  This was an inadvertent oversight by the Committee.

7

84.  Denied as stated.  By way of further response, Candidates were asked to teach an entry-level survey class as a demonstration class. Plaintiff was already teaching that class and had been observed by Dr. Deka and Dr. Wellman.  These observations included various courses during these time periods.  Dr. Deka told Plaintiff that he could choose what he preferred to teach during the Search Committee's class observation.  The Search Committee suggested to Plaintiff that he teach a survey class to correlate with the other candidates.  All three (3) members of the first Search Committee attended each demonstration. Dr. Deka attended Plaintiff's classroom observation, but he left early because he was ill.

85. This paragraph contains a denial of an allegation made in a previous paragraph, to which the Defendants need not provide a response.  To the extent a response is necessary, facts asserted are denied and strict proof is demanded.  Finally, see response to ¶ 84.

86. Denied. See response to ¶ 84.

87. Denied. See response to ¶ 84.

88. Denied. See response to ¶ 84.

89. Denied. See response to ¶ 84.

90. Admitted.

91. Denied.  Mr. Parlin was very familiar with Plaintiff and his experience and qualifications.

92.  Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded.

93.  Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded.

94. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, the facts asserted are denied and strict proof is demanded.

95. Denied.

96. Denied as stated. However, it is admitted that nobody was hired for the position.

97. Denied.

98. Denied as stated.  The position was re-advertised as a revised position because the University did not receive a sufficient number of qualified candidates and the Search Committee wanted candidates who had expertise in 17th to 19th century European Art.  The Search Committee also wanted candidates whose primary dissertation research was in the European art field.

99. Denied as stated.  The members of the Search Committee were: Dr. Mark Deka, Mr. Geoffrey Beadle, Mr. Bradley Puttullo, Ms. Diane Crandall, and Mr. Malcolm Chrishlif.

100.    Denied.

101.    The contents of this paragraph describe a subjective opinion of Plaintiff's qualifications to which no response is necessary.  To the extent a response is required, these facts are denied and strict proof is demanded.

102.    This allegation is a legal conclusion that requires no responsive pleading.  To the extent there are facts alleged, such facts are denied and strict proof is demanded.

103.    Denied.  The results of the search committee speak for themselves as do the age and gender of any candidates.

104.    This allegation is a legal conclusion that requires no responsive pleading.  To the extent there are facts alleged, such facts are denied and strict proof is demanded.

105.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, the facts asserted are denied and strict proof is demanded.

106.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, the facts asserted are denied and strict proof is demanded.

107.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded.

108.    Defendants lack knowledge or information sufficient to form a belief about the truth of

these allegations.  Therefore, these allegations are denied and strict proof is demanded.

109.    This allegation is a legal conclusion that requires no responsive pleading.  To the extent there are facts alleged, such facts are denied and strict proof is demanded.

110.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, the facts asserted are denied and strict proof is demanded.  By way of further response, the individual to whom the job was offered did not accept the position.

111.    Denied.  Nanette Thrush withdrew her name from consideration.

112.    Denied as stated. The unanimous decision of the Committee was not to offer the position to Jennifer Olson-Rudenko. Consequently, the Committee voted unanimously to fail the second search.

113.    Denied as stated. Plaintiff was appointed to the position of part-time (50%) temporary Assistant Professor in the Art Department, for the fall 2013 semester.  Effective August 24, 2013, Plaintiff was assigned to teach the courses.

114.    Denied.

115.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded

116.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, the facts asserted are denied and strict proof is demanded.

117.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded

118.    Denied.

119.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded

120.    The averments in this paragraph are confusing and an appropriate response is not possible, as such, the facts are denied and strict proof is demanded.

10

121.    The course descriptions speak for themselves as does Plaintiff's curriculum vitae describing his prior teaching experiences. Therefore, no response is required.

122.    Denied as stated.  Plaintiff was appointed to the position of part-time (50%) temporary Assistant Professor in the Art Department, for the fall 2013 semester.

123.    The documents speak for themselves and Defendants are without sufficient knowledge or information to respond to the opinions asserted as to the level of success such records evidence.

124.    The contents of this paragraph describe a subjective opinion of Plaintiff's qualifications to which no response is necessary.  To the extent a response is required, these facts are denied and strict proof is demanded.

125.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, the facts asserted are denied and strict proof is demanded.

126.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, the facts asserted are denied and strict proof is demanded.

127.    The referenced document speaks for itself, therefore, no response is required.

128.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, the facts asserted are denied and strict proof is demanded.

129.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, the facts asserted are denied and strict proof is demanded.

130.    Denied as stated.  It is admitted that Plaintiff taught Art courses which included, among others, those focusing on European art.

131.    The contents of this paragraph are legal conclusions with regard to whether Plaintiff was qualified for a particular job, to which no response is required.  To the extent a response is necessary, all facts are denied and strict proof is demanded.

132.   The contents of this paragraph are legal conclusions to which no response is required.  To the extent a response is necessary, all facts are denied and strict proof is demanded.

133.   Denied.

134.   Denied.

135.   The contents of this paragraph are legal conclusions to which no response is required.  To the extent a response is necessary, all facts are denied and strict proof is demanded.

136.   The contents of this paragraph present Plaintiff's own opinion as to the reasoning behind the revision of the job posting, to which no response is required.  To the extent a response is necessary, the facts asserted are denied and strict proof is demanded.

137.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded

138.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, these allegations are denied and strict proof is demanded

139.   The contents of this paragraph are legal conclusions to which no response is required.  To the extent a response is necessary, all facts are denied and strict proof is demanded.

140.   Admitted.

141.   Denied as stated.  A standard notification email was issued by the PeopleAdmin Applicant Tracking System to all candidates that applied for the position.  The purpose of the notification was to "close out" the search process.  The search to fill the Art History position was a failed search. The email was issued to Plaintiff in error because he was previously notified by Dr. Deka that he was not a finalist for the second search.  Finally, nobody was hired for this position.

142.   Denied in part admitted in part. It is admitted that nobody was hired for the position.

143.   Admitted.

144.   Denied in part admitted in part.  It is only admitted that Plaintiff applied for the part time

position and participated in the screening process.

145.    Admitted.

146.    Admitted.

147.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, the facts asserted are denied and strict proof is demanded.  However, it is admitted that Swati Bandi previously taught the course.

148.    Denied as stated.  Dr. Wellman sent Professor Bandi an e-mail communication informing her that Hanjin Park had asked if he could teach one of the two sections of Introduction to Film and Video as an overload assignment for Spring 2015.  By way of further response, Dr. Wellman does not make decisions regarding course assignments.

149.    Admitted in part, denied in part.  It is admitted that Plaintiff sent an e-mail communication to Dean Combs and Professor Proulix, which is a document that speaks for itself. It is denied that there was any "irregularity" in the search process and it is denied that Plaintiff was retaliated against in any way.

150.    Denied as stated.  Hanjin Park was selected to teach one section of Introduction to Film and Video and Dr. Tom Weber was selected to teach the second section of the course.

151.    Denied as stated.  Plaintiff was not hired for the position because it was determined that he was not qualified for the position.

152.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent a response is necessary, all facts are denied and strict proof is demanded.

153.    Denied.

154.    This paragraph refers to a document which speaks for itself, to which no response is necessary.

155.    Admitted.

156.    Denied as stated.  The hiring process uses more than just the degrees that an individual holds as other factors are also pertinent in the decision making process.

157.    Denied as stated.  As the job posting reflects, the requirement is not to have a Ph.D. in a particular field, rather, the required qualifications are: "MA in art History, Film Studies or related field."

158.    See response to ¶ 157.

159.     The course description and classification speaks for itself.

160.    The course description and classification speaks for itself.

161.    The course description is contained in a documents which speaks for itself, therefore, no response is required.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    The contents of this paragraph are Plaintiff's personal opinions to which no response is necessary. However, all facts asserted are denied and strict proof is demanded.

167.    This paragraph is comprised of Plaintiff's subjective opinion to which no response is required. However, to the extent an answer is necessary, the facts asserted are denied.

168.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, the facts asserted are denied and strict proof is demanded.

169.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, the facts asserted are denied and strict proof is demanded.

170.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent a response is necessary, all facts are denied and strict proof is demanded.

171.    Denied as stated.  The Committee determined that the films reviewed in Plaintiff's

courses served as supplemental material to other topics rather than a study of film and media itself and determined that the courses did not demonstrate an in-depth expertise in film and media studies.

172.    Admitted in part, denied in part.  It is admitted that Plaintiff taught the course described. However, see response to ¶ 171.

173.    Swati Bandi's teaching record speaks for itself.

174.    The course description for the class identified speaks for itself.  By way of further response, see response to ¶ 171.

175.    Denied as stated.  First, there is no Exhibit 2 attached to the Complaint.  To the extent there is a document that reflects this information, the document speaks for itself.  Finally, having taught numerous classes was not a pre-requisite for this particular job nor was it enough for the search committee to determine that Plaintiff's prior courses demonstrated an in-depth expertise in film and media studies for purposes of teaching this course.

176.    This paragraph is comprised of Plaintiff's subjective opinion, to which no response is required.  However, to the extent a response is necessary, plaintiff's assertion as to the falsity of the qualification determination is denied.

177.    Denied as stated.  The job posting is a document that speaks for itself.  By way of further response, the position was a part-time temporary position.

178.    Denied as stated. See response to ¶ 148.

179.    The contents of this paragraph refer to the EEOC documents which speak for themselves; therefore, no response is necessary.

180.    Denied as stated.  Dr. Wellman asked Professor Bandi for a copy of her syllabus and multiple choice exams she previously administered.

181.    Denied.  The request for the documents was made to make things easier for Mr. Park in the event he was offered the overload assignment.

182.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, the facts asserted are denied and strict proof is demanded.

183.    Denied.

184.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, the facts asserted are denied and strict proof is demanded.

185.    Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  Therefore, the facts asserted are denied and strict proof is demanded.

186.    Denied.

187.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

188.    This allegation is a legal conclusion that requires no responsive pleading. To the extent a response is deemed necessary, the allegations are denied.

189.    This allegation is a legal conclusion that requires no responsive pleading. To the extent a response is deemed necessary, the allegations are denied.

190.    This allegation is a jury request to which no response is required.

**COUNT I**
**Plaintiff v. Edinboro University**
**Title VII – Discrimination on the Basis of Gender**

191.    Defendants incorporate the foregoing paragraphs as though they were set forth at length herein.

192.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

193.    Denied.

194.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

195.   Denied.

196.   The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

197.   Denied.

198.   Denied that Plaintiff is entitled to any damages or remedies.

## COUNT II
## Plaintiff v. Edinboro University
## Title VII – Retaliation

199.   Defendants incorporate the foregoing paragraphs as though they were set forth at length herein.

200.   The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

201.   It is only admitted that Plaintiff submitted EEOC charges, the remaining averments are legal conclusions are therefore denied and strict proof is demanded.

202.   Denied.

203.   Denied.  It is unclear which position he is referencing as one of the positions was not filled due to the search not being successful.

204.   The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

205.   Denied.

206.   Denied that Plaintiff is entitled to any damages or remedies.

## COUNT III
## Plaintiff v. Hannan and Wellman
## ADEA – Age Discrimination

207.   Defendants incorporate the foregoing paragraphs as though they were set forth at length

herein.

208.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

209.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

210.    Denied.

211.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

212.    Denied.

213.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

214.    Denied.

215.    Denied that Plaintiff is entitled to any damages or remedies

<strong>COUNT IV<br>Plaintiff v. Hannan and Wellman<br>ADEA – Retaliation</strong>

216.    Defendants incorporate the foregoing paragraphs as though they were set forth at length herein.

217.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

218.    It is only admitted that Plaintiff submitted EEOC charges, the remaining averments are legal conclusions are therefore denied and strict proof is demanded.

219.    Denied.

220.    Denied.  It is unclear which position he is referencing as one of the positions was not filled due to the search not being successful.

221.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

222.    Denied.

223.    Denied that Plaintiff is entitled to any damages or remedies.

**COUNT V**
**Plaintiff v. All Defendants**
**PHRA – Discrimination on the Basis of Gender**

224.    Defendants incorporate the foregoing paragraphs as though they were set forth at length herein.

225.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

226.    Denied.

227.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

228.    Denied.

229.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

230.    Denied.

231.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

232.    Denied that Plaintiff is entitled to any damages or remedies.

**COUNT VI**
**Plaintiff v. All Defendants**
**PHRA – Age Discrimination**

233.    Defendants incorporate the foregoing paragraphs as though they were set forth at length herein.

234.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

235.    Denied.

236.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

237.    Denied.

238.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

239.    Denied.

240.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

241.    Denied that Plaintiff is entitled to any damages or remedies.

**COUNT VII**
**Plaintiff v. All Defendants**
**PHRA – Retaliation**

242.    Defendants incorporate the foregoing paragraphs as though they were set forth at length herein.

243.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

244.    It is only admitted that Plaintiff submitted EEOC charges, the remaining averments are legal conclusions are therefore denied and strict proof is demanded.

245.    Denied.

246.    Denied.  It is unclear which position he is referencing as one of the positions was not filled due to the search not being successful.

247.    The contents of this paragraph are legal conclusions to which no response is required.  To

the extent an answer is necessary, the facts alleged are denied and strict proof is demanded.

248.    Denied.

249.    The contents of this paragraph are legal conclusions to which no response is required.  To the extent an answer is necessary, the facts alleged are denied and strict proof is demanded

250.    Denied that Plaintiff is entitled to any damages or remedies.

Wherefore, Defendants demand judgment in their favor.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Defendants had a legitimate, rational, non-discriminatory and non-retaliatory reason for the actions taken with respect to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Defendants were at all times acting in good faith and in an objective, reasonable manner and with a reasonable belief in the lawfulness of their actions.

## FIFTH AFFIRMATIVE DEFENSE

Any injuries or losses suffered by the Plaintiff were the direct result of his own job performance, actions or omissions or were caused by the conduct or action of third parties over whom Defendants had no control or responsibility.

## SIXTH AFFIRMATIVE DEFENSE

The Defendants were at all times acting pursuant to duties required or authorized by statute or regulation and therefore said acts were within the discretion granted to the Defendants by statute or statutorily authorized by regulations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

21

## EIGHTH AFFIRMATIVE DEFENSE

Defendants are entitled to sovereign immunity.

## NINTH AFFIRMATIVE DEFENSE

At no time did the Defendants, either individually or in concert with others, deprive the Plaintiff of any rights, privileges or immunities secured to him by the Constitution or the laws of the United States.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies with respect to all of the claims in the Complaint; her claims are untimely under the PHRC and EEOC regulations; and the claims asserted in the Complaint are beyond the scope of his EEOC and PHRC Charges.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was not treated differently than other similarly situated employees.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Defendants herein established a readily accessible and effective policy for reporting retaliation and discrimination and Plaintiff unreasonably failed to avail himself of that policy with respect to all the claims in her Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has received all procedural due process protection to which he is entitled.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants were at all times acting in good faith and in an objectively reasonable manner and did not violate any clearly established federal right of Plaintiff. Therefore, Defendants are entitled to qualified immunity and/or qualified good faith immunity from civil damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought in his Complaint. Plaintiff failed to mitigate damages and/or any damages he suffered were caused by her own actions and/or failure to act.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred in whole or in part by collateral estoppel, claim preclusion, and/or res judicata.

## NINETEENTH AFFIRMATIVE DEFENSE

At all points in time, the Defendants had bone fide, good faith business reasons for the questioned employment decisions.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend this pleading as needed or necessary.

WHEREFORE, Defendants demand judgment in their favor.

**A JURY TRIAL IS DEMANDED**

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:   */s/ Yana L. Warshafsky*
Yana L. Warshafsky
Deputy Attorney General
Attorney ID: 312915

Office of Attorney General
1251 Waterfront Place, Mezzanine Level     Counsel for Defendants
Pittsburgh, PA 15222
Date: October 1, 2018